■ In the Matter of the Arbitration between UNITRIN KEMPER AUTO AND HOME ("KEMPER"), Respondent, and ARCELINA V. IRIZARRY, Respondent. LANCER INSURANCE COMPANY, Appellant; ALLSTATE INSURANCE COMPANY, Respondent. (Appeal No. 2.) [871 NYS2d 566]—

Memorandum: Petitioner commenced this proceeding pursuant CPLR article 75 seeking a permanent stay of the arbitration demanded by its insured, respondent Arcelina V. Irizarry, after a vehicle driven by her collided with a vehicle owned by Edwin Diaz, doing business as PR Auto Sales (Diaz), a used car dealer, and insured by appellant, Lancer Insurance Company (Lancer). The girlfriend of Diaz, Sandra Gonzalez, who was insured by respondent Allstate Insurance Company (Allstate), was driving the vehicle at the time of the collision, in part for the purpose of test-driving it to determine whether she wished to purchase it for her son. Although it appears from the record that Supreme Court joined Lancer and Allstate as parties to the proceeding "so [the] Court can determine insurance coverage," no declara-

tory judgment action was ever commenced and neither Diaz or Gonzalez is a party to this proceeding. Further, we are unable to ascertain from the record before us whether an underlying negligence action was in fact commenced, and, if so, which parties are involved in that action. We thus conclude that, in the absence of a declaratory judgment action in which jurisdiction over all necessary parties was obtained, the court erred by, in effect, converting this proceeding in part to a declaratory judgment action and declaring the rights of Lancer and Allstate (*see* CPLR 103 [c]; *cf. Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.]*, 286 AD2d 118, 119 [2001]). Present—Smith, J.P., Centra, Lunn, Fahey and Green, JJ.